UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| |
|---|
| BRET DUNHAM, <br><br> Plaintiff, <br><br> -against- <br><br> XCITE INTERACTIVE, INC. and GAMECHANGER, LLC, and any related individuals or entities, <br><br> Defendants. |

Civil Action No.: 1:20-cv-1041 (TJM/ATB)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Xcite Interactive, Inc. and Game Changer, LLC (collectively, "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of this action from the Supreme Court of the State of New York, Albany County, to the United States District Court for the Northern District of New York. In support of this removal, Defendants state as follows:

1. Plaintiff Bret Dunham ("Plaintiff") initiated a civil action by filing a Complaint on July 23, 2020 in the Supreme Court of the State of New York, Albany County ("State Court"). That action appears by the same title as above and is docketed in State Court as Index No. 904759/2020 (the "State Court Action"). Attached hereto as Exhibit A is a true and correct copy of the Complaint filed in the State Court Action.

2. The Complaint is the initial pleading containing Plaintiff's asserted claims for relief upon which the State Court Action is based. The causes of action set forth in the Complaint include: (i) violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

(ii) violation of the New York Labor Law, Article 6 §§ 190 *et seq.* ("NYLL"); and (iii) unjust enrichment and breach of contract.

3. Defendants were served with the Complaint on August 5, 2020. Attached hereto as Exhibit B are true and correct copies of Plaintiff's Affidavits of Service on Defendants.

4. Defendants timely file this Notice of Removal within 30 days after receiving service of the Complaint, in accordance with 28 U.S.C. § 1446(b).

5. This Court has original (federal question) jurisdiction over the State Court Action under 28 U.S.C. § 1331 because the State Court Action sets forth claims arising under the federal FLSA. Accordingly, this suit is removable to this Court pursuant to 28 U.S.C. § 1441.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. 28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. This Court should not decline to exercise supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(c) because: (i) Plaintiff's NYLL claim does not raise a novel or complex issue of state law; (ii) Plaintiff's FLSA claim predominates over his other claims; (iii) the district court has original jurisdiction over the FLSA claim, which remains pending; and (iv) there are no compelling or exceptional reasons for declining jurisdiction. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 447 (2d Cir. 1998) *citing* 28 U.S.C. § 1367(c).

9. The Second Circuit has stated that "[t]he use of 'exceptional circumstances' [in § 1367] indicates that Congress has sounded a note of caution that the bases for declining jurisdiction should be extended beyond the circumstances identified in subsections (c)(1)-(3)

{V0249573.1}

only if the circumstances are quite unusual. In other words, declining jurisdiction outside the ambit of 1367(c)(1)-(3) appears as the exception rather than the rule." *Id.* (internal citations omitted).

10. The United States District Court for the Northern District of New York is the federal district court for the district in which the State Court Action is pending. *See* 28 U.S.C § 118(c). Venue properly lies in the Northern District of New York pursuant to 28 U.S.C. § 1441(a).

11. A true and correct copy of the written notice required by 28 U.S.C. §1446(d), annexed hereto as Exhibit C, will be filed in the State Court Action and served on Plaintiff after the filing of this Notice of Removal in this Court.

12. Defendants will also serve on Plaintiff all materials required by Local Rule 4.1(c).

13. By filing this Notice of Removal, Defendant has not and does not waive any defenses it might assert or its right to bring any application in relation to this litigation or its subject matter.
{V0249573.1}

WHEREFORE, Defendants Xcite Interactive, Inc. and Game Changer, LLC hereby remove this civil action to this Honorable Court.

Dated: White Plains, New York
September 4, 2020

> Respectfully Submitted,
>
>    /s/ Kelly Robreno Koster
> Kelly Robreno Koster, Esq. (Bar Number: 702097)
> *Attorney for Defendants Xcite Interactive, Inc. and Game Changer, LLC*
> ECKERT SEAMANS CHERIN & MELLOTT, LLC
> 10 Bank Street, Suite 700
> White Plains, New York 10606
> Tel: (914) 949-2909
> Fax.: (914) 949-5424
> kkoster@eckertseamans.com

TO: Laura Reznick, Esq.
*Attorney for Plaintiff*
The Bell Law Group
100 Quentin Roosevelt Blvd., Suite 208
Garden City, NY 11530
(516) 280-3008
lr@belllg.com