# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

BRET DUNHAM,

                                           Plaintiff,

                 - against -

XCITE INTERACTIVE, INC.; GAME CHANGER, LLC;
and any related individuals and/or entities,

                                          Defendants.

**Index No.:**

**SUMMONS**

**Jury Trial Demanded**

Venue based on *lex actus loci*

TO THE ABOVE NAMED DEFENDANT(S):

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance, on Plaintiffs' attorney within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty [30] days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of failure to appear or answer, judgment will be taken against you by default of the relief demanded in the Complaint.

Dated: Garden City, New York
         July 23, 2020

                                                  /s/
                                     **BELL LAW GROUP, PLLC**
                                     Laura R. Reznick, Esq.
                                     100 Quentin Roosevelt Blvd., Suite 208
                                     Garden City, NY 11530
                                     Tel. 516.280.3008
                                     Fax. 212.656.1845
                                     lr@belllg.com

                                     *Attorneys for Plaintiff*

XCITE INTERACTIVE, INC.
3545 W. 12th Street
Greeley, Colorado 80634

GAME CHANGER, LLC
3545 W. 12th Street
Greeley, Colorado 80634

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

BRET DUNHAM,

                              Plaintiff,

- against -

XCITE INTERACTIVE, INC.; GAME CHANGER, LLC;
and any related individuals and/or entities,

                              Defendants.

**Index No.:**

**COMPLAINT**

**Jury Trial Demanded**

Venue based on *lex actus loci*

Plaintiff BRET DUNHAM ("Plaintiff"), by his attorneys, Bell Law Group, PLLC, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1.    This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New York Labor Law Article 6 §§ 190 *et seq.* ("NYLL"), to recover unpaid wages, including overtime wages, owed to Plaintiff. In the alternative, Plaintiff, who was misclassified as an independent contractor, seeks to recover the payments he is owed under the contract.

2.    Defendants misclassified Plaintiff as an independent contractor, even though the economic realities of his relationship with Defendants clearly demonstrate an employment relationship. To add insult to injury, Defendants egregiously breached their contract with Plaintiff by failing to pay him any wages and/or monies owed under the contract. Plaintiff has worked for Defendants full time for four months, and has received a grand total of $1 for his labor as of the date of this Complaint.

3.    Defendants have consistently failed to pay all wages owed to Plaintiff, including minimum wage and overtime wages, and failed to provide the required written notices of his pay

in violation of the FLSA, the NYLL, and the relevant implementing regulations.

4. Plaintiff has initiated this action seeking all compensation, including unpaid wages which he was deprived of and statutory damages to which he is entitled, plus interest, liquidated damages, equitable, injunctive and declaratory relief, attorneys' fees, and costs, and any other available remedy.

## THE PARTIES

5. Plaintiff is an individual who resides in Albany County, New York, and was employed by Defendants as an Unreal Engine Lead Programmer from approximately January 24, 2020 through approximately May 26, 2020.

6. Defendant XCite Interactive, Inc. is a foreign corporation with a headquarters and principal place of business located at 3545 W. 12th Street, Greeley, Colorado 80634. Defendant XCite Interactive, Inc. availed itself of the benefits of doing business in New York, including by employing Plaintiff to perform work for XCite at his home in Menard, NY. Additionally, XCite's website states that the company has a New York location, though no address is provided.

7. Defendant Game Changer, LLC is a corporation organized under the laws of the state of Delaware with a principal place of business located at 3545 W. 12th Street, Greeley, Colorado 80634, and, upon information and belief, a New York corporate residence located in New York County.

8. Defendants are a single and/or joint employer under the Labor Law in that they share a common business purpose and ownership, and maintain common control, oversight and direction over the operations of the work performed by Plaintiff.

9. Upon information and belief, Defendants are an enterprise engaged in commerce as defined by FLSA §§ 203(r) and (s), with annual gross volume business in an amount not less

than $500,000.

10. Each Defendant has had substantial control of Plaintiff's working conditions and over the unlawful policies and practices alleged herein.

## FACTS

11. From approximately January 24, 2020 through approximately May 26, 2020, Defendants employed Plaintiff as a programmer and failed to properly pay him all wages due.

12. Plaintiff was hired to work 40 hours per week for a monthly salary of $8,500. This translates to an hourly wage of approximately $53.13.

13. Defendants misclassified Plaintiff as an independent contractor, even though the economic realities of his relationship with Defendants clearly reflect a traditional employment relationship.

14. Defendants assigned Plaintiff specific tasks, set his work hours, assigned another programmer who was an employee of the Company to work under Plaintiff, and treated him as an employee for all purposes except the manner in which he was to be paid. In fact, Defendants employed other programmers in the same or substantially similar roles under similar working conditions as employees, and told Plaintiff that they intended to make him a W-2 employee doing the same job if they were happy with his work.

15. Plaintiff did not own his own business or have any employees of his own.

16. Plaintiff's work was integral to Defendants' business.

17. Plaintiff had no investment in Defendants' business and no opportunity for profit or loss, as he was to be paid a fixed amount per month for a fixed number of hours per week.

18. Defendants exercised sufficient control over Plaintiff's work to render him an employee, rather than an independent contractor.

19. Defendants required Plaintiff to work, and Plaintiff did work, a total of 8 hours per day, which were to include the "core hours" from 10 am through 4 pm. Plaintiff performed the work from his home in Menard, NY.

20. On at least two occasions during his employment with Defendants, Plaintiff worked approximately 52 hours in a single work week, because he worked an additional 12 hours on the weekends in addition to his regular hours.

21. Despite Defendants' promise to pay Plaintiff $8500 per month, Plaintiff has yet to receive a single paycheck. To date, the only money he has received from Defendants is $1 that was deposited in his account for the purpose of setting up direct deposit.

22. Thus, Plaintiff has been paid below the New York and federal minimum wage, and has not been paid his regular or overtime rate for hours worked over 40 per week, in violation of the FLSA and NYLL. Additionally, Defendants breached their contract with Plaintiff by failing to pay him within 30 days after he submitted the invoice for each month.

23. Defendants failed to provide Plaintiff with an accurate Wage Theft Notice upon hire or at any time thereafter as required by New York Labor Law § 195.

24. Defendants failed to provide Plaintiff with accurate paystubs that reflected all hours worked in violation of Labor Law § 195(3).

25. Upon information and belief, Defendants' violations of the FLSA and New York Labor Law described herein were willful.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: <br> FLSA MINIMUM WAGE

26. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

27. Pursuant to 29 U.S.C. § 203(e)(1), the term "employee" means "any individual

employed by an employer."

28. Pursuant to 29 U.S.C. § 203(d), the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency."

29. Pursuant to 29 U.S.C. § 203(g), "employ" means to "suffer or permit to work."

30. As a person suffered and/or permitted to work by Defendants, Plaintiff is an "employee" as understood in 29 U.S.C. § 203(e)(1).

31. As entities and individuals that hired, directed, and controlled the job performance of Plaintiff, Defendants are "employers" within the meaning of the FLSA and its implanting regulations.

32. Despite being misclassified as an independent contractor, the economic reality of Plaintiff's relationship with Defendants clearly makes him an employee for purposes of the FLSA.

33. The FLSA, 29 U.S.C. § 206, requires covered employers, such as Defendants, to pay all employees at a rate not less than $7.25 per hour.

34. Having received only $1 total since he began working for Defendants, Plaintiff has received an effective hourly rate of approximately 0.15 cents per hour, well below the federal minimum wage of $7.25 per hour.

35. Upon information and belief, Defendants' failure to pay Plaintiff at least $7.25 per hour was willful.

36. By failing to pay to Plaintiff at least $7.25 for all hours worked, Defendant violated the FLSA, 29 U.S.C. § 206, and its implementing regulations and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

### SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### FLSA OVERTIME COMPENSATION

37. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

38. The FLSA, 29 U.S.C. § 207, requires covered employers, such as Defendants, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours per workweek. Plaintiff was not exempt from the requirement that Defendants pay him overtime under the FLSA.

39. Plaintiff worked more than forty (40) hours per workweek for Defendants during at least two workweeks. However, Defendants did not properly pay him his regular or overtime rate for all hours worked in excess of forty (40) per workweek.

40. Plaintiff was not exempt from overtime compensation.

41. By failing to pay to Plaintiff all earned overtime compensation, Defendant violated the FLSA, 29 U.S.C. § 207, and its implementing regulations and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
### NYLL MINIMUM WAGE

42. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

43. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

44. As a person employed for hire by Defendants, Plaintiff is an "employee" as understood in NYLL § 190, despite the fact that he was misclassified as an independent contractor.

45. Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry,

trade, business or service."

46. Pursuant to NYLL § 652(1)(a), New York employers outside of New York City and select downstate counties are required to pay employees a minimum wage of at least $11.80 per hour, effective December 31, 2019.

47. Having received only $1 total since he began working for Defendants, Plaintiff has received an effective hourly rate of approximately 15% of one cent, well below the New York minimum wage of $11.80 per hour.

48. Upon information and belief, Defendants' failure to pay minimum wage was willful.

49. By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, and attorneys' fees and costs.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: NYLL OVERTIME COMPENSATION

50. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

51. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

52. As a person employed for hire by Defendants, Plaintiff is an "employee" as understood in NYLL § 190.

53. Pursuant to NYLL § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

54. As entities and individuals that hired, directed, and controlled the job performance

of Plaintiff, Defendants are "employers."

55. 12 NYCRR § 142-2.2 states that an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate, when they work more than 40 hours in a given work week.

56. Plaintiff typically worked 40 hours per week, but on at least two occasions, he worked approximately 52 hours per week when he worked an additional 12 weekend hours on top of his regular schedule.

57. Plaintiff was not paid for all of his overtime hours and did not receive overtime compensation at a rate of one and one half his hourly rate for all hours worked over 40 in a given week.

58. Plaintiff was not exempt from overtime compensation.

59. Consequently, by failing to pay to Plaintiff all earned overtime compensation, Defendant violated NYLL § 663, § 198, and its implementing regulations and are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES ("GAP TIME") IN VIOLATION OF THE NYLL

60. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

61. Pursuant to NYLL Article 6, workers such as the Plaintiff are protected from wage underpayments and improper employment practices.

62. Pursuant to NYLL § 191 and the cases interpreting same, workers such as the Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

63. Plaintiff was not paid his regular weekly wages within seven calendar days after

the end of the week in which the wages are earned, nor has he been paid any of his wages to date, despite having begun working for Defendants on or about January 24, 2020.

64. Defendants have failed to pay Plaintiff at his regular hourly rate for all hours worked, and thus failed to pay him all of his weekly wages "not later than seven calendar days after the end of the week in which the wages are earned" in violation of NYLL § 191.

65. By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Plaintiff in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief as this Court shall deem proper.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS: VIOLATIONS OF NYLL § 195

66. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

67. NYLL § 195(1) requires an employer such as Defendants, at commencement of employment and, for a portion of the Relevant Period, in February of every year, to provide his or her employees, in writing in English and in the language identified by each employee as a primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances."

68. NYLL § 195(3) requires an employer such as Defendant to "furnish each employee with a statement with every payments of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the

minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hours worked, and the number of overtime hours worked…"

69. Plaintiff did not receive proper notice of the required statements regarding compensation, as required by NYLL § 195 at all required intervals.

70. Plaintiff did not receive the notice required by NYLL § 195(1) upon hire or at the required intervals pursuant to NYLL § 195(1).

71. Plaintiff did not receive proper pay stubs that accurately reflected compensation at the appropriate hourly rate for all hours worked, in violation of NYLL § 195(3).

72. By the foregoing reasons, Defendants have violated NYLL § 195 and are liable to Plaintiff for the statutory damages set forth in NYLL § 198, plus interest, attorneys' fees, and the costs and disbursements of this action.

### SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS: BREACH OF CONTRACT

73. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

74. On or about January 23, 2020, Defendants and Plaintiff entered into a 30-day contract ("Contract"), attached hereto as **Exhibit A**, under which Plaintiff would work for Defendants as a programmer for approximately 40 hours per week, and Defendants would pay Plaintiff $8500 for the 30-day period.

75. The Contract was subsequently extended in 30-day intervals three more times.

76. Pursuant to the Contract, the $8500 was to be paid 30 days after Plaintiff submitted an invoice for his time.

FILED: ALBANY COUNTY CLERK 07/23/2020 08:19 PM        INDEX NO. 904759-20
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 07/23/2020

Case 1:20-cv-01041-TJM-ATB   Document 1-1   Filed 09/04/20   Page 13 of 15

77. Plaintiff performed his obligations under the Contract and promptly submitted monthly invoices as required.

78. Plaintiff detrimentally relied on Defendants' promise to pay him $8500 per month and to convert him to W-2 status, including by turning down a lucrative job offer from another New York technology company.

79. Plaintiff was never paid within 30 days of submitting his invoices, and has not been paid any money to date, except the $1 that was deposited in his account to test whether direct deposit would work.

80. By failing to pay Plaintiff $8500 within 30 days of each invoice, Defendants breached the Contract.

81. Plaintiff followed up with Defendants on multiple occasions to advise them of the breach. Defendants repeatedly promised that payment would be forthcoming, but no payment has been received to date.

82. Plaintiff has been injured as a result of Defendants' egregious breach of his employment contract, including by turning down another job offer in detrimental reliance on his contract with Defendants, and by incurring consequential damages such as credit card interest as a result of Defendants' breach of their payment obligations.

### EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS: <u>UNJUST ENRICHMENT</u>

83. Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

84. As a result of the unlawful conduct described above, Defendants have been and will continue to be unjustly enriched by receiving the value and benefit of work from Plaintiff without paying them proper wages and/or contractual payments.

11

12 of 14

85. Defendants have benefitted from their unlawful acts at the expense of Plaintiff, and it would be inequitable for Defendants to be permitted to retain any of the ill-gotten gains.

86. Plaintiff is entitled to the amount of Defendants' ill-gotten gains resulting from its unlawful, unjust, and inequitable conduct in an amount to be determined at trial.

**WHEREFORE**, Plaintiff seeks the following relief:

(1) on the first cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief pursuant to the cited FLSA and regulatory provisions;

(2) on the second cause of action against Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs, and injunctive and declaratory relief pursuant to the cited FLSA and regulatory provisions;

(3) on the third cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(4) on the fourth cause of action against the Defendants in an amount to be determined at trial, plus interest, damages, attorney's fees and costs, and injunctive and declaratory relief pursuant to the cited NYLL and regulatory provisions;

(5) on the fifth cause of action against the Defendants in an amount to be determined at trial, plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(6) on the sixth cause of action against the Defendants in an amount to be determined at trial, including but not limited to $5,000 for Defendants' violations of NYLL § 195(1), $5,000 for Defendants' violations of NYLL § 195(3), plus interest, liquidated damages, attorney's fees and

costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions;

(7) on the seventh cause of action against the Defendants in an amount to be determined at trial, including but not limited to the $34,000 unpaid wages under the Contract, interest, and all other available damages or other available relief, including but not limited to consequential damages and injunctive and declaratory relief;

(8) on the eighth cause of action against the Defendants in an amount to be determined at trial, plus all other available remedies at law or in equity;

(9) on all causes of action, declaratory relief finding that Defendants' compensation practices are unlawful;

(10) on all causes of action, injunctive relief enjoining Defendants from continuing their unlawful practices;

(11) together with such other and further legal, equitable, declaratory or other relief the Court may deem appropriate.

Dated: Garden City, New York
       July 23, 2020

Respectfully submitted,

BELL LAW GROUP, PLLC

By: _____/s/_____
    Laura R. Reznick, Esq.
    100 Quentin Roosevelt Boulevard
    Suite 208
    Garden City, NY 11530
    Tel: 516.280.3008
    Fax: 212.656.1845
    lr@belllg.com
    *Attorneys for Plaintiff*